## Fayette County et al. v. Martin, Com'r of Revenue, et al.

June 23, 1939.

William B. Ardery, Judge.

388

Harry D. Kremer for appellants.

Hubert Meredith, Attorney General, Jesse K. Lewis, Assistant Attorney General, and Allen, Duncan & Duncan for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This action was filed in the Franklin circuit court on July 19, 1938, by Fayette County and the City of Lexington, seeking a mandamus to compel the defendants, James W. Martin, Commissioner of Revenue, and his associate members of the department constituting the Kentucky Tax Commission, to permit the plaintiffs, their special counsel, Harry D. Kremer, and their duly authorized agents to inspect and examine the annual franchise tax reports made the commission by certain named franchise tax paying corporations, operating in Fayette county and the City of Lexington, and the assessments and certifications of assessment made on such reports by the commission, which documents are in the possession of the commission and on file in its office.

The petition alleges that the Lexington Water Company, the Lexington Utilities Company and the Kentucky Utilities Company are franchise tax paying corporations doing business in the plaintiff county and city and that the Petroleum Exploration Corporation is a gas and pipe line company operating in Fayette county, all of which filed annual reports or statements with the defendant Tax Commission for and during the years 1931 to 1937 inclusive, for the purpose of its valuing and assessing the properties of the said companies for franchise assessment and taxation upon each of said reports; that the assessments based on said reports were certified to the auditor of public accounts for each of said years; and that the assessments based thereon and certifications thereof for each of said years are now and have been on file in the offices of the defendants.

Plaintiffs, the petition alleges, repeatedly requested

the Tax Commission to permit them and their agents, to inspect, examine and make copies of these annual reports, assessments and certifications of assessment. made thereon upon the said companies, upon the ground that these plaintiff taxing districts had a special interest in the reports made by these franchise tax paying companies to the commission upon their franchise properties and operations, which were conducted in the plaintiff county and city taxing districts, as the companies were liable to them for taxes based upon the assessments of their respective franchise operations. there

Further, the plaintiffs alleged that the said companies had not been assessed at a fair valuation upon their franchise properties operated in these taxing districts and that, by reason of such undervaluation and assessment of these franchise properties, a loss in tax revenues had resulted to these taxing districts, for which reason they had requested permission to inspect the annual reports made by these franchise companies and the defendant commission's assessments of them based thereon, in order that they might gain information and evidence therefrom which would enable them to prepare and maintain suits for redress of these wrongs and for the recovery of these tax revenues which they allege the said companies are liable for and which would, upon a fair assessment of their franchise properties, be shown owing them.

Further, the petition alleges that the defendant commission refused to grant the plaintiffs' request that they and their agents be permitted to make inspection, examination and copies of these tax reports, assessments, and certifications of assessment on the pretended ground that Section 4114i-13, Kentucky Statutes (1936 revision), forbids the defendant commission to allow any officer, agent or representative of any municipality, county or school district to examine or make copies of such reports, assessments and certifications, or any tax records, even though such taxing districts, requesting the right to inspect such records, have a special interest in such records in that they are entitled to their quotas of the franchise tax received from the companies operating under their franchises in such taxing districts.

Defendants answered, pleading, by way of confession and avoidance, their admitted refusal to grant the

plaintiffs' request for permission to inspect these tax records on file in their office, but state that their refusal of the plaintiffs' request was due to their being advised by the Attorney General, their official adviser, that Section 4114i-13, Kentucky Statutes (1936 revision), in effect at said time, made it unlawful for any commissioner or member of the Department of Revenue "to divulge any information acquired by him of the affairs of any company, firm, corporation * * * or information regarding the schedules required to be filed with the tax commission;" that by reason of such inhibiting provisions of this statute, enjoining the commission's divulging any information given by the reports filed with it, they were by the statute so providing made "confidential reports" and to protect them as such, the commission was prohibited from divulging information as to their data; and that, such being the evident legislative intent, the plaintiffs were without right to inspect and examine the said reports, assessments and certifications of assessment and if the commission made such information given in the reports available to plaintiffs, it would be a violation of the statutory law.

Further, the answer pleads that while it was the desire of the defendant members of the Tax Commission to make said certifications, schedules and tax records available to all cities, counties and other taxing districts in the state, having interests in such franchise tax revenues, they were prohibited from doing so by the provisions of the statute quoted (as advised by the opinion given them by the Attorney General's office, interpreting this prohibitory statute), but that they caused to be introduced and enacted at the first extraordinary session of the 1938 General Assembly Chapter 4 of the acts of the special session, permitting them to make such information available to cities, counties and other taxing districts, which act became effective July 9, 1938, and is now appearing as Section 4114h-15, Kentucky Statutes (Baldwin's 1939 Supplement) and providing that:

"It shall be unlawful for any present or former commissioner or employee of the Department * * * to divulge any information acquired by him of the affairs of any person or information regarding the tax schedules, returns or reports required to be filed with the Department or other proper officer * * *; provided, further, that this prohibition shall not

extend to any matter properly entered upon any assessment book, roll or record, or otherwise in any way made a matter of public record; * * * and provided further that the Commissioner shall make available any data or information for official use only to the proper officer, board or commission of this State, *any Kentucky city,* any other state or province, or the Federal Government, and make available any data or information in its possession or coming to its knowledge to any such officer, board or commission *on a confidential basis,* and under reciprocal arrangements whereby the Department shall receive similar or useful information from such officer or body.'' (Italics ours.)

The statute further makes any violation of its provisions punishable by fine or imprisonment, as therein provided.

Further the answer alleged that since the enactment of such amendment of Section 4114i-13, permitting the Tax Commission to make such information, schedules and reports available to any Kentucky cities, or plaintiffs, on a confidential basis and under a reciprocal arrangement, it has not refused any request made by the proper officers of such political subdivisions or taxing districts, nor have plaintiffs or any of their agents, duly authorized by them, made any requests for permission to inspect, examine or have access to any such records, from which it follows that plaintiffs' suit, asking a writ of mandamus to compel the Tax Commission or its members to permit their inspection of its records, which it has not refused since it was enabled to grant such permission, was premature and unnecessary.

Plaintiffs' reply denies the allegations of the answer and sets out that the stated 1938 amendment (Section 4114h-15) of Section 4114i-13, Kentucky Statutes, did not make or purport to make any information furnished by the commission's tax records available to the officers or agents of Fayette county, but only made their inspection available to *''any Kentucky city.''* Further the reply alleges that the records on file in the defendant commissioner's office are public records and that there is no statutory provision in Kentucky which denies plaintiffs the common law right given any public or private corporation, or person, to examine or inspect public records and therefore, in the absence of such an

inhibiting statute, it remained the common law right of plaintiffs or any person, officer or agent of any public or private corporation to inspect and examine the public tax records on file in the office of the Kentucky Tax Commission.

Issues being thus joined upon the pleadings and plaintiffs' motion for a writ of mandamus coming on for hearing, the court, after considering the pleadings and hearing argument of counsel, announced that inasmuch as defendants admitted both by their answer and their counsel's argument that plaintiffs are now, since such amendment of Section 4114i-13, entitled to inspect and examine the records in the office of the Tax Commission, there remained no need to pass upon their motion for a writ of mandamus, compelling the Tax Commission to grant the conceded right of inspection, and therefore ordered the case passed.

Following such ruling of the court, the franchise tax paying corporations named in the petition, to-wit: the Lexington Utilities Co. and the Kentucky Utilities Co., whose reports were being thus permitted to be examined, questioned the right of the Department of Revenue or the Tax Commission to make available to the plaintiff taxing districts the information as to their affairs and business furnished by their franchise tax reports returned the commission, and asked leave to intervene in the action, to be made parties defendant and also to tender and have filed certain pleadings, consisting of demurrers, answers and cross-petitions, for the purpose of testing out the challenged right of the defendant commission to divulge or disclose to the plaintiff, Fayette County, the information furnished and evidenced by their reports made the commission or the latter's assessments and certifications thereon retained in its possession or on file in the office of the commission.

Leave to file the tendered pleadings was given and the same were ordered filed, to which ruling the plaintiffs objected and excepted.

Further, the cause coming on to be heard, upon the general demurrers of the intervening petitioners to the petition, their demurrers were ordered sustained insofar as the plaintiff Fayette county was concerned, but insofar as they related to the plaintiff city of Lexington, they were overruled, to which rulings defendants objected and excepted.

The cause being then heard upon the petition and motion of plaintiffs for a writ of mandamus, plaintiffs tendered and asked leave to file, in support thereof, the affidavit of their counsel, Harry D. Kremer. Defendants' objection to the filing of this affidavit was sustained.

Thereupon, by agreement of parties, the cause was submitted for final judgment upon the pleadings and exhibits filed, when the plaintiffs further tendered and moved the court to enter certain findings of fact and conclusions of law, which motion was overruled. To this ruling plaintiffs objected and excepted.

The court thereupon further adjudged as follows:
"The motion of Fayette County, plaintiff herein, for a writ of mandamus is denied and the petition is dismissed as to Fayette County. To which ruling plaintiffs object and except.

"The petition and motion for a writ of mandamus is sustained with respect to the plaintiff, City of Lexington, to the following extent only, and the clerk of this court is directed to issue a writ of mandamus directed to the defendants, James W. Martin, Commissioner of Revenue (and his named associate commissioners), ordering and directing them to make available the data and information now on file in the Department of Revenue to the proper officer of the City of Lexington * * * * or the duly authorized agent of said City for official use only and on a confidential basis to the extent that such data and information has relation to any property subject to taxation by the City of Lexington and belonging to and owned and assessed to said Lexington Utilities Company, Kentucky Utilities Company, Lexington Water Company and Petroleum Exploration Company. In all other respects said petition and motion for a mandamus is overruled."

After a careful consideration of the record, consisting of many pleadings, motions and exhibits, presenting the respective claims and contentions of the opposing parties (into which, we regret to observe, the respective counsel have both ungenerously and improperly injected an exchange of personal criticism and, we trust undeserved, virulent disparagement, each of the other), it is our conclusion that the one question presented by this

appeal for our determination, as it seems is agreed by the parties, is: Whether or not the appellant county and city are entitled, upon the showing made by their pleadings and exhibits, which are to be admitted as true for the purpose of testing the demurrers filed thereto, to have issued the writ of mandamus sued for, compelling the members of the appellee Tax Commission to grant plaintiffs and their representatives the right of inspecting and examining these annual returns or reports made by the certain named franchise tax paying corporations (herein intervening petitioners), disclosing for purposes of assessment their valuations put on the franchise properties they own and operate, under their franchises, in the plaintiff taxing districts and to which they are liable for local quotas of the franchise tax, based upon the assessments made by the commission on the annual returns or reports required by law to be submitted by them to the commission for the purpose of their assessment and certification thereof to the taxing districts.

It is the position and contention of appellants that these reports made the Tax Commission, as to the valuation and operation of their franchise properties in these taxing districts, and the tax records they desire to inspect are (1) public records and (2) public records in which they have a very special interest, in that they are the taxing districts in which said named reporting utility companies operate under their franchises and to which districts, by reason of their operating therein, they are liable for their respective quotas of the franchise tax, varying in amounts according to the State Tax Commission's assessments and certifications of assessment based thereon.

Accordingly, appellants argue that such being their interest in and the nature of these annual property reports and the tax assessments made thereon, they, in the absence of any forbidding statute, have the right, under the general common law rule, to inspect, examine and make copies of these tax records, unless they be shown to have lost such right or be now denied the exercise of it by the inhibiting provisions of some statute, qualifying or revoking such right by making franchise property reports "confidential reports", thus foreclosing the public's inspection of them.

Further appellants' answer to the appellee Tax Commission's insistence that such is the effect of Sec-

tion 4114i-13 and its later amendments and that the same, in expressly declaring these tax reports to be of confidential character and that information as to their data can only be made available to applicants therefor upon a confidential basis as therein expressly provided for, effectively precludes the exercise by plaintiffs of their alleged common law right to inspect these records, is that such is not the proper meaning and construction of the said amended statute, cited and relied on by appellees, and they insist that the learned trial court erred in so interpreting the aforesaid amendatory act, or in holding it to have been enacted by the Legislature with such intent. In support of this contention, they argue (1) that the statute only *inhibits the members of the commission, employees, etc., connected with taxation from divulging what the records show* and (2) that it expressly provides that the inhibition contained therein shall not apply to public records and that therefore the statute is not effective to in anywise affect, foreclose or limit the public's common law right to see, search and make copies of these alleged public records.

In further support of their contention that such is the proper construction of the statute, appellants argue that the statutes of Kentucky inhibit the public from inspecting or examining only three classes of public records, viz.: (1) The excise reports of utility companies made the commission (Section 4281j-5, Kentucky Statutes), (2) income tax reports (Section 4281b-11, Kentucky Statutes) and (3) inheritance tax reports (Section 4281a-38), but that they do not otherwise prohibit the inspection and examination of any and all other public records and that therefore their common law right to inspect and examine all other public records has not been taken away or by any other statutory inhibition changed so as to deny them the right they here seek to inspect the records in question, but that such right remains unimpaired and in full force and effect.

Appellants cite the following statement of this common law rule, upon which they rely as sustaining and authorizing their right to inspect these franchise tax reports, which is found in 53 C. J., Section 40, page 624:

"At common law a person may inspect public records in which he has an interest or make copies or memoranda thereof, when a necessity for such inspection is shown and the purpose doesn't seem to

be improper, and where the disclosure would not be detrimental to the public interest.''

This common law rule is further thus stated in 23 R. C. L., Section 10, page 160:

"It is quite generally conceded that there is no common law right in all persons to inspect public documents or records; and that right, if it exists, depends entirely on the statutory grant. But at common law, every person is entitled to the inspection, either personally or by his agent, of public records, including legislative, executive, and judicial records, provided he has an interest therein which is such as would enable him to maintain or defend an action for which the document or record sought can furnish evidence or necessary information.''

Conceding these to be proper statements of the general common law rule invoked by appellants, declaring the public's right to inspect and examine all public records in which they possessed the required interest, the next question arising and presented for decision is whether or not the appellants' asserted common law right to inspect these records has been lost or qualified by the express inhibitions and provisions of the statutory enactment, Section 4114i-13, and its later amendments.

As to this, it is the position and contention of the appellee, Tax Commission, in answer to the argument of appellants, that these annual returns or reports of public service corporations made the defendant commission, whether they are strictly public records or not, are yet records of a confidential nature, as so declared by the language of the amended statute, Section 4114h-15, the information and data of which is expressly inhibited from being made available to the officer of any of the political subdivisions or taxing districts of the state, except to those expressly therein enumerated, including ''any Kentucky city'' to whom alone such information may be made available on a confidential basis only.

The appellees suggest, as explanatory of and as justifying the discrimination made in this act as thus amended, allowing the Revenue Department to make available the information given by these reports made it by franchise tax paying corporations only to ''Ken-

tucky cities" while withholding the commission's right to make such information available to the proper officers of county and school taxing districts, that such discrimination or distinction made between such taxing districts may be justified as based upon the differences made and found in the provisions of Section 4257a-1 of the Revenue Act (Baldwin's 1939 Supplement), whereby sole authority is vested in the Department of Revenue to institute suits on behalf of all counties and other taxing districts *excepting cities,* for the collection of taxes or for the assessment of omitted property; that by such provisions of the Revenue Act, the sole authority to assess and to sue, as stated supra, is now centralized in the Department of Revenue, save for the exception noted of the right therein given cities to sue; in other words, that the county and school district taxing authorities having no right under the present Revenue Act to institute suits to collect taxes or for the assessment of omitted property, but that such authority now being under the Revenue Act vested solely in the Department of Revenue, except for the right left remaining only in cities to institute such suits, there is no longer left any need on the part of counties or other taxing districts for inspecting the data on file in the office of the Tax Commission, to obtain evidence and information given in the franchise reports to the commission for the purpose of maintaining such suits; that even if the counties and other taxing districts were, even as cities, given the right by Section 4114h-15 to search the franchise tax records and did search the records and find the information and evidence required for bringing and maintaining suits against these franchise tax payng corporations allegedly improperly reporting their properties, their discovery of error would be of no value and their effort fruitless, as they would be without authority to maintain such suits, by reason of the right either to sue or assess the franchise tax paying corporations having been by the statute vested in the Revenue Department; that the Revenue Department is vested with the sole power to value and assess for taxation purposes all property owned by these public service corporations, including franchises, as now provided by Section 4077, as amended by the Legislature at its first 1938 extraordinary session, c. 4, Section 8 (Supp. 1939, Section 4077), and the values so fixed and assessed are by the statute made final.

No duties are imposed under these amended provisions of the Revenue Law upon the officers of any taxing district, school, county or municipal, with respect to such assessments, the Legislature having seen fit to lodge exclusive authority to make all assessments in the Department of Revenue and public service corporations are required to file annual reports of their properties and operations with the department (Section 4077, Kentucky Statutes).

It is further made the duty of the Department of Revenue to certify the assessments of all tangible property and of the franchise of every public service corporation and to apportion the value of the franchise as between the several taxing districts wherein such franchises may be exercised (Section 4077, Kentucky Statutes, Baldwin's 1939 Supplement).

Thus both the authority to assess and the authority to sue is now centralized in the Department of Revenue, with the exception relating to cities, as above noted.

Looking now to the allegations of appellants' petition, in the light of the provisions of these foregoing statutes, it appears that its only material allegation made is that defendants (here appellees) are wrongfully refusing to permit the plaintiffs to have made available to them the information given in these reports, by granting them the right of inspection and examination of these tax reports and records in the possession of the department, particularly in regard to the returns filed and the information furnished by the therein named companies' annual reports made the commission for the years 1931 to 1937 inclusive, for the purpose alleged of procuring, from such inspection of the records, "information which will enable them to prosecute and maintain actions against the said (franchise tax paying) companies, in which actions the said documents and records will furnish evidence and necessary information."

The demurrer to the petition of Fayette county was sustained and the order, here appealed from, was entered dismissing the petition for a writ of mandamus as prayed for by the county, but overruling it and sustaining the petition and motion for a writ of mandamus with respect to the plaintiff city of Lexington.

Such being the showing of the record, we conclude

that the chancellor's judgment and orders entered, in dismissing the petition, insofar as same related to Fayette county; in overruling the like demurrer to the petition, insofar as it related to the city of Lexington; and in directing that a writ of mandamus issue in favor of the city to the extent of requiring the defendant members of the Kentucky Tax Commission to grant the city the right to inspect public tax records on file in its office, as prayed for, were, for the reasons and statutory provisions and distinctions hereinabove recited, altogether correct and proper.

It is further our conclusion that the plaintiff county's petition was properly dismissed for the reason that counties are not included within the language of the amended statute, Section 4114h-15, which authorizes the commission's granting only to cities the right to inspect the tax records on file in its office and providing that the commission shall make available only to their proper officers, "on a confidential basis" only, the information and data furnished by these tax records.

Also, it is our conclusion that the court's ruling in dismissing the county's petition was proper, for the reason that the counties are given no right under the statute (Section 4257a-1) to institute actions either to collect taxes or to assess omitted property and therefore it would follow, as stated supra, that having no power given them to file suits, even if they gained from their desired inspection of these records information enabling them to maintain suits to collect taxes or to assess omitted property, such information would be of no value or worth to the counties.

Further, it is our conclusion that the judgment was likewise proper in overruling the demurrer to the petition, insofar as same related to the plaintiff city of Lexington, and in ordering a writ of mandamus to issue against the members of the commission, directing them to make available to the plaintiff city, on a confidential basis, the information furnished by its tax records the city sought to inspect, in that the plaintiff city comes within the express provisions of the amended statute, Section 4114h-15, granting to "any Kentucky city" the right to have made available to its proper officials the information to be gained from the inspection of such tax records.

Further, it is our conclusion that such relief prayed

for and given the city was the full measure of relief to which it was entitled.

We are, however, unable to concur in the conclusions reached nor are we impressed with the force or merit of the argument, insistently urged and made by learned counsel for appellants, as to the evident meaning and proper construction of the inhibiting and plainly restricting wording of this amended Section 4114h-15 of the statutes as not being effective or as not evidencing a legislative intent to declare and make these annual tax reports returned by franchise tax paying corporations to the Tax Commission "confidential reports" or, treating them as such, to guard against divulging their data or making available their information by providing that for any violation by the commission or employee of the department of the inhibition imposed by the statute, the same should be punishable as a misdemeanor by fine or imprisonment or both.

Notwithstanding such are the strong prohibitory provisions of the act, appellants' position is that such is not the character of these annual reports, so returned by the public service corporations to the Tax Commission, but that they are public records, in that the language of the statute only inhibits members of the commission and its employees from divulging the information furnished by the reports, but does not inhibit their inspection by the public, even though the data of the reports be thereby divulged.

We are unable to recognize the force of this argument, in that it appears to us that a more reasonable interpretation of the statute is that the Legislature, by inhibiting the commission's divulging any information given by the reports made it, thereby intended to make these reports confidential in character. Also, we can not concur in the further conclusion reached by counsel for appellants that the statute prohibiting the commission's divulging the data and information contained in these reports did not also foreclose the right of the public to inspect the reports as being public records; or, as argued by him, that although the commission was expressly forbidden to *divulge* the contents of the reports, it was yet allowed to permit their data to be indirectly divulged through its permitting the public's inspection of them, whereby the information they desired would be divulged or made available to them just as fully as if

the same had been in violation of the statute otherwise divulged to them.

Clearly, the language of the statute, upon the interpretation and construction of which we conclude the decision of this case turns, in expressly forbidding the divulging of the information contained in these records to officers of taxing districts other than Kentucky cities, and to them only on a confidential basis, was intended by the Legislature to, and did, expressly stamp these reports made to the commission by franchise tax paying corporations as confidential reports, which were, as such, to be protected and the information therein contained not divulged in any way or manner, other than to the limited ones named and upon the terms only as therein expressly provided.

In view of the above, it follows that the appellant county, who has been expressly by this amended statute denied the right to inspect these public records, cannot, in view of such inhibiting provision of the statute, be permitted to exercise its claimed common law right to inspect these records in which interested, where, as here, it has been expressly divested of such common law right by the statute.

Such being our conclusions, it follows that the learned trial court properly denied the appellant county's claimed common law right to inspect the tax records in question and dismissed its petition and its judgment in so ordering should be and it is affirmed.