POTTS v. UNITED STATES and four
other cases.

Civ. Nos. 1262–1266.

District Court, W. D. Kentucky,
at Louisville.

Aug. 13, 1948.

Raymond C. Stephenson, of Louisville, Ky., and Samuel Milam, of Russelville, Ky., for plaintiffs.

David C. Walls, U. S. Atty., of Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

The five above styled and numbered cases arise out of a collision between an automobile driven by Alice E. Potts and an army ambulance driven by Private Clifford Curtis, which occurred at the intersection of Eastern Parkway and Preston Streets in the City of Louisville between 9:15 and 9:30 a. m., on December 30, 1945. The cases were consolidated for the purpose of trial and were tried to the Court without a jury pursuant to the Federal Tort Claims Act of 1946, Title 28 U.S.C.A. § 921 et seq.

Number 1262 was instituted by Alice E. Potts to recover medical and hospital expenses, loss of time, and permanent impairment of her earning power as a stenographer and typist.

Number 1263 was instituted by the Liberty National Bank & Trust Company, as guardian for Anne R. Hottell, a child seven years old, to recover hospital and medical bills and damages for pain and suffering.

Number 1264 was filed by the Liberty National Bank & Trust Company as administrator of the estate of James William Hottell, Jr., a boy five years old, for the destruction of his earning power.

In Number 1265 the Liberty National Bank & Trust Company as guardian for Lynne Hottell, a girl three years of age, sought to recover medical and hospital expenses, for mental and physical pain and suffering.

Number 1266 was instituted by Charles Farnsley and J. W. Hottell, attorneys engaged in the practice of law as Farnsley & Hottell, to recover $665 damages to the automobile driven by Miss Potts on the occasion.

The accident occurred on Sunday morning. Miss Potts resided at St. Matthews, a suburb of Louisville. She had gone from her home to the home of J. W. Hottell on Confederate Place, for the purpose of taking the three Hottell children to Sunday School. She had secured the children and they were seated in the rear seat of a 1940 Chevrolet Coach, and were proceeding to Sunday School on Eastern Parkway, a busy four-traffic-lane street. They were travelling eastwardly. Preston Street runs North and South. The traffic at the intersection of Eastern Parkway and Preston is controlled by a traffic light suspended above and in the center of the intersection.

On the particular morning in question, Private Curtis as driver of the ambulance had left his military station at Bowman Field and was accompanied by Sgt. Thomas S. Hickman, who was riding on the seat with the driver, Curtis, and kneeling on the floor just at the rear of the seat was Pfc. Edward William Leroy. The ambulance crew had received orders to proceed from Bowman Field to Morgan Street, which is North of Eastern Parkway. Morgan Avenue, however, is South of Eastern Parkway, and the ambulance was first driven to Morgan Avenue before the mistake was discovered, whereupon the crew retraced their route from Morgan Avenue northwardly along Preston Street in an effort to find their patient on Morgan Street.

The ambulance driver, Curtis, testified that approaching the intersection, his car was driven at forty miles per hour, that he was just starting into the intersection when the light changed from green to red on the Preston Street traffic. He stated that he never saw the passenger car "until after it was all over"; that when he first saw it, he had already hit it.

Sergeant Hickman testified that as soon as he saw the cars were going to collide, he grabbed the emergency brake and pulled it all the way back—to no avail.

Private Leroy stated that the traffic light turned red to their ambulance when it was 25 or 30 feet South of Eastern Parkway and when the car pulled into the intersection the ambulance was going too fast to be stopped and that the car driven by Miss

Potts had entered the intersection when the ambulance was 25 or 30 feet South on Preston.

A city bus driven by Joseph B. Wise had stopped at the southwest corner of the intersection on Eastern Parkway to discharge and receive passengers. The driver saw both vehicles enter the intersection and had a clear view of the collision. He testifies that the light was green to the passenger car when the ambulance was a hundred feet South of the intersection and that at that time the passenger car was passing the front of his bus to enter the intersection.

Paul Leseh, a newsboy sixteen years of age, was standing near the front of the city bus attempting to sell papers. He corroborated the city bus driver as to the location of the cars, their entry into the intersection, and the color of the traffic light at the time and just before the passenger car entered the intersection.

Louis A. Koch, real estate dealer, was driving West on Eastern Parkway and stopped at Shelby and Eastern Parkway for a red light. Ralph Lucas, whose home was near the intersection, was sitting in his car in front of the Walgreen Drug Store on Preston Street. Hubert Freville was in his house about 150 feet from the intersection, from which place he had a view of the intersection. All three of these witnesses saw the accident and their testimony is corroborative of the testimony of Miss Potts and the driver of the city bus. These witnesses and Georgia Huffines, who was an employee of the White Castle Restaurant located at the intersection, all testified that the siren on the ambulance was being sounded as it approached the intersection.

All of the witnesses say that a person approaching the intersection travelling eastwardly on Eastern Parkway would have a clear unobstructed view of a vehicle travelling northwardly on Preston approaching the intersection, and a person approaching the intersection on Preston Street from the South had an unobstructed view for an appreciable distance westwardly from the intersection along Eastern Parkway.

The witness, Curtis, testified that the weather was clear, visibility was good, and that there was no obstruction that would have prevented him from seeing the approaching car. The view of Miss Potts southwardly along Preston Street from the intersection was obstructed by the city bus, and it is insisted by the Government that she was guilty of contributory negligence which precludes her recovery and the recovery of Farnsley & Hottell for the damages to their automobile by reason of her failure to make an effective lookout after her car had passed the front of the bus and before entering into the intersection.

It is abundantly proven by the police officers who made a careful examination of the cars and the intersection within a few minutes after the accident that the actual collision occurred in the East traffic-lane of Preston Street and at a point about opposite the traffic light.

Section 931(a) of Title 28 U.S.C.A. is as follows: "(a) Subject to the provisions of this chapter, the United States district court for the district wherein the plaintiff is resident or wherein the act or omission complained of occurred, including the United States district courts for the Territories and possessions of the United States, sitting without a jury, shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only, accruing on and after January 1, 1945, on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred. Subject to the provisions of this title, the United States shall be liable in respect of such claims, to the same claimants, in the same manner, and to the same extent, as a private individual under like circumstances, except that the United States shall not be liable for interest prior to judgment, or for punitive

damages: Provided, however, That in any case wherein death was caused, where the law of the place where the act or omission complained of occurred, provides, or has been construed to provide, for damages only punitive in nature, the United States shall be liable for actual or compensatory damages, measured by the pecuniary injuries resulting· from such death to the persons, respectively, for whose benefit the action was brought, in lieu thereof. Costs shall be allowed in all courts to the successful claimant to the same extent as if the United States were a private litigant, except that such costs shall not include attorneys' fees."

■ The driver of the ambulance was required to exercise the same duties as would the operator of a private automobile except as modified by section 189.320(1) of Kentucky Revised Statutes and Article 11, paragraph C, subsections 1 and 2 of Louisville Traffic Ordinances. Section of the statute, supra, is as follows: "Police and fire patrols, ambulances, and fire apparatus in all cases while being operated as such shall have the right of way with due regard to the safety of the public."

The section of the Louisville Traffic Ordinances, supra, is as follows:

"C. (Vehicles exempt from certain rules.) Authorized emergency vehicles shall comply with the provisions of this ordinance regulating the movement, stopping and parking, of vehicles provided however that the operator of any emergency vehicle performing emergency .duties may proceed as follows:

"1. Proceed past a red or stop signal or stop sign but Only after slowing down, as may be necessary for safe operation.

"2. Exceed the lawful speed limit so long as he does not endanger life or property."

Section 189.390(1) (a), KRS, is as follows:

"(1) No operator of a vehicle upon a highway shall drive at a greater speed than is reasonable and prudent, having regard for the traffic and for the condition and use of the highway, but:

"(a) Where a highway passes through a closely built-up business portion of any city, if the rate of speed of motor vehicles on the highway exceeds twenty miles per hour, it shall be prima facie evidence of unreasonable and improper driving."

In the case of Fayette County v. Hill, 304 Ky. 621, 201 S.W.2d 886, the Court approved instructions defining the duty of a police car being operated in answer to an emergency call by qualifying the standard instructions on the duties of the driver of an automobile so as to require the driver of the police car before entering an intersection against a red traffic signal to slow down his car to the extent necessary for the safe operation thereof, to operate the vehicle at no greater rate of speed than is reasonable with regard to the use of the highway and to otherwise exercise ordinary care to avoid colliding with other vehicles on the highway.

In the case of O'Neil & Hearne v. Bray's Administratrix, 262 Ky. 377, 380, 90 S.W. 2d 353, 355, the Court said: "But there can be no justification of negligent driving or of any act imperiling the life and limb of others on the way. The exemption of municipal machines cannot be said to have that effect."

### Findings of Fact.

The Court makes the following findings of fact:

1. December 30, 1945, and on the occasion referred to in the evidence in this case, Private Clifford Curtis was driving an ambulance of the United States and was acting within the scope of his office and under orders of his superior officers.

2. The plaintiff, Alice E. Potts, was operating the passenger automobile owned by the plaintiffs, Farnsley & Hottell, in an eastwardly direction on Eastern Parkway, in which automobile Lynne Hottell, James W. Hottell, Jr., and Anne R. Hottell were riding.

3. That at the intersection of Eastern Parkway with Preston Street the automobile driven by plaintiff, Alice E. Potts, entered the intersection as authorized by the traffic light showing the green signal to traffic on Eastern Parkway; that at the time she drove her automobile into the intersection the ambulance driven by Private Curtis was from 25 to 100 feet South

of the line of the intersection on Preston Street and that the traffic signal light was showing red to vehicles approaching said intersection on Preston Street travelling North.

4. Private Curtis did not maintain a lookout as required by law and did not see the automobile driven by plaintiff, Alice E. Potts, until the vehicles were in collision.

5. Private Curtis was operating the ambulance as he approached the intersection at a speed of 40 miles per hour or more and at such speed as was unreasonable and imprudent and did not have regard for the traffic at said intersection.

6. That Private Curtis did not slow down the ambulance to the extent necessary for the safe operation thereof so as to have regard for the traffic and use of the highway at and approaching said intersection.

7. The plaintiff, Alice E. Potts, was operating the automobile driven by her at a rate of speed not exceeding 25 miles an hour, and at the time she entered the intersection of Eastern Parkway and Preston Street, the traffic signal was showing green to traffic proceeding in the direction in which she was going and she operated her automobile in such way as to have regard for the traffic at said intersection.

8. That as a direct and proximate result of the collision Alice E. Potts sustained injuries from which she suffered physical and mental pain and on account of which she received a permanent injury impairing her earning power. She incurred hospital and medical bills in the sum of $466.24. She was incapacitated for work and thereby lost three months work for which she is entitled to receive $600. She is entitled to recover $3,000 on account of pain and suffering, physical and mental, and the permanent impairment of her earning power, making a total of $4,066.24.

9. There was incurred in hospital bills and medical expenses on account of injuries to the plaintiff, Anne R. Hottell, the sum of $594.59. It may reasonably be expected that a further expenditure of $1,000 will be incurred in the treatment and correction of the malocclusion caused by her injuries. Anne Hottell is entitled to the additional sum of $2,500 for the pain and suffering, physical and mental, making a total recovery of $4,094.59 which the Liberty National Bank & Trust Company is entitled to recover on account of the injuries to the said Anne R. Hottell.

10. The plaintiff, Liberty National Bank & Trust Company as guardian for Lynne Hottell is entitled to recover on account of hospital expenses and medical fees $506.50, and in addition thereto the sum of $2,000 on account of pain and suffering, physical and mental, making a total of $2,506.50.

11. The plaintiff, Liberty National Bank & Trust Company as administrator of the estate of James W. Hottell, Jr., is entitled to recover $10,000 as the damage to the decedent's estate on account of the destruction of his earning power.

12. The plaintiffs, Charles Farnsley and James W. Hottell, are entitled to recover $663.60, the difference between the market value of the automobile owned by them and driven by Alice E. Potts before and after the collision.

Conclusions of Law.

1. This Court has jurisdiction of the parties and the subject matter to the five suits hereinabove referred to, Federal Tort Claims Act, Title 28 U.S.C.A. § 931.

2. The injury and resulting damage to the plaintiffs in this case was caused by and was the direct result of negligence of Clifford Curtis, a soldier of the United States Army and an employee of the Government within the meaning of Section 931 of the Federal Tort Claims Act, supra.

3. At the time of the collision and resulting damage, the said Clifford Curtis was acting within the scope of his office or employment and under circumstances where the United States, if a private person, would be liable to the plaintiffs in accordance with the law of the State of Kentucky where the collision occurred, for the damage, loss, injury or death incurred by the plaintiffs.

4. Alice E. Potts was not negligent in the operation of the passenger car to the

extent that but for her negligence the collision would not have occurred.

5. The plaintiffs are entitled to recover the respective amounts above enumerated.

Judgment will be tendered by counsel for plaintiffs in accordance with the findings of fact and conclusions of law here made.