Elizabeth **JONES**, Administratrix of the Estate of Stephen Allen Camp, Appellant,

v.

Scott **LATHRAM**, Appellee.

No. 2002–SC–0590–DG.

Supreme Court of Kentucky.

Sept. 23, 2004.

As Amended Sept. 27, 2004.

Rehearing Denied Dec. 16, 2004.

As Amended Jan. 31, 2005.

---

Charles Wayne Brien, Prince and Brien, Benton, Counsel for Appellant.

Michael K. Bishop, Harlan E. Judd, III, Michael K. Bishop & Associates, P.S.C., Bowling Green, Counsel for Appellee.

Opinion of the Court by Justice LAMBERT.

This case arose from a fatal automobile collision that occurred when State Police Trooper Scott Lathram and the decedent, Stephen Camp, collided in a blind intersection while Trooper Lathram was responding to an emergency call. The trial court granted summary judgment in favor of Trooper Lathram based on qualified official immunity because he was responding to a call when the collision occurred. The Court of Appeals affirmed. The issue presented here is whether a law enforcement officer in such circumstances is entitled to qualified official immunity.

Appellee, Trooper Lathram, received a call for assistance from a Graves County Deputy Sheriff. The end of the call was an excited exclamation by the deputy sheriff, "I said get back in the car!" There was no further communication by the deputy, so Trooper Lathram illuminated his blue lights, turned on his siren, and proceeded to the scene. Upon entering into a "blind" intersection, Trooper Lathram collided with a truck driven by Mr. Stephen Camp. Mr. Camp was fatally injured, and Ms. Elizabeth Jones, his Administratrix, commenced legal actions against the Commonwealth of Kentucky, Justice Cabinet, Department of State Police, and against Trooper Lathram in his individual capacity.

The trial court dismissed the wrongful death claim against the Commonwealth and the other governmental entities based on sovereign immunity. The trial court then granted summary judgment in favor of Trooper Lathram relying solely on

*Franklin County v. Malone.*[1] The Court of Appeals affirmed the trial court and Appellant sought discretionary review in this Court. We granted discretionary review, but remanded the case to the Court of Appeals to apply the then newly decided case, *Yanero v. Davis,*[2] which overruled *Franklin County v. Malone.*[3] The Court of Appeals again affirmed the trial court in favor of Trooper Lathram. Once more, Appellant sought discretionary review in this Court and her motion was granted. We now reverse the decision of the Court of Appeals and remand to the trial court.

Appellant argues that Trooper Lathram is not entitled to immunity based on case law analyzing the rights and duties of emergency vehicle operators. She contends that precedent mandates that emergency driving be treated as a ministerial function for which the public employee is not afforded qualified immunity. Appellant cites *Fayette County v. Hill,*[4] *Happy v. Erwin,*[5] *City of Louisville v. Chapman,*[6] *Myers v. Able,*[7] *Page v. Dodds,*[8] *City of Louisville v. Maresz,*[9] and *Speck v. Bowl-*

*ing*[10] in support of her contention that under Kentucky law, police officers are not entitled to immunity for the ministerial action of driving while responding to emergency situations.

Appellee, Lathram, responds that under *Yanero v. Davis*[11] his actions constituted a discretionary act for which he is entitled to immunity. This argument is based on the discretion granted to state troopers in the performance of their daily duties. Trooper Lathram argues that ministerial acts are those that are precisely prescribed leaving nothing to the discretion of the actor. He further contends that he had to make a subjective decision based on the radio exchange, and then had to make another determination regarding how he would respond to the call without additional information and without guidance from a superior. Trooper Lathram also relies on a distinction between emergency driving and routine travel between points of destination. He argues that emergency driving is a discretionary act that authorizes personal judgment by a trained police officer.

1. Ky., 957 S.W.2d 195 (1997), *overruled in part by Yanero v. Davis*, Ky., 65 S.W.3d 510 (2001).

2. Ky., 65 S.W.3d 510 (2001).

3. Ky., 957 S.W.2d 195.

4. 304 Ky. 621, 201 S.W.2d 886 (1947) (upholding assessment of liability against a police officer who was responding to a call and collided with a bus).

5. Ky., 330 S.W.2d 412 (1959) (holding a statute unconstitutional to the extent that it exempted public officers and employees from personal liability, thereby allowing possible recovery against a public officer for negligence committed while responding to an emergency).

6. Ky., 413 S.W.2d 74 (1967) (upholding a claim against a police officer resulting from an automobile collision).

7. Ky., 417 S.W.2d 235 (1967) (holding that the statute allowing the right of way for emer-

gency vehicles does not create absolute immunity and that the public employee could be held liable for damages).

8. Ky., 433 S.W.2d 656 (1968) (holding that the question of the liability of the driver who collided with an emergency vehicle while its siren was sounding and its lights were flashing is a jury question, because emergency vehicles are not entitled to absolute immunity).

9. Ky.App., 835 S.W.2d 889 (1992) (upholding a jury award for damages against a police officer who collided with driver and caused injuries).

10. Ky.App., 892 S.W.2d 309 (1995) (holding that law enforcement is not free to negligently operate a vehicle and that operation of such emergency vehicle was a ministerial duty).

11. Ky., 65 S.W.3d 510.

██ The cases cited by Appellant support her argument that a police officer's driving in response to an emergency call does not confer immunity on the driver. Case law does not definitively answer the question posed in this case. To fully address the question we must examine *Yanero v. Davis,*[12] the controlling case on qualified immunity. *Yanero* dealt with a school board, an athletics director, coaches and others being sued by a teenager who suffered a head injury when he was hit by a pitch during batting drills at baseball practice. Overruling some previous Kentucky decisions, *Yanero* set forth a test for determining whether a public actor's actions are discretionary or ministerial and therefore whether qualified immunity attaches. *Yanero* describes discretionary acts which require official immunity and ministerial acts where there is not immunity as follows:

> [W]hen sued in their individual capacities, public officers and employees enjoy only qualified official immunity, which affords protection from damages liability for good faith judgment calls made in a legally uncertain environment. Qualified official immunity applies to the negligent performance by a public officer or employee of (1) discretionary acts of functions, *i.e.,* those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment; (2) in good faith; and (3) within the scope of the employee's authority. An act is not necessarily "discretionary" just because the officer [or employee] performing it has some discretion with respect to the means or method to be employed.

\* \* \* \* \* \*

Conversely, an officer or employee is afforded no immunity for tort liability for the negligent performance of a ministerial act, *i.e.,* one that requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts. " 'That a necessity may exist for the ascertainment of those facts does not operate to convert the act into one discretionary in nature.' "[13]

██ In the case at bar, Trooper Lathram undertook a ministerial act in responding to an emergency call for assistance from a fellow officer. Responding, he assessed the facts based on his training as a police officer and upon other applicable standards. After undertaking the act of an emergency automobile response, Trooper Lathram was required to constantly reassess his position on the road and make reactive decisions based on his assessment of roadway danger. While decisions were required in the course of driving, there were no decisions that would appear to be truly discretionary acts. We recognize that Lathram independently assessed the situation and responded in a manner that he determined to be appropriate. However, the act of safely driving a police cruiser, even in an emergency, is not an act that typically requires any deliberation or the exercise of judgment. Rather, driving a police cruiser requires reactive decisions based on duty, training, and overall consideration of public safety. In our view, Lathram's duty is comparable to the duty of the coaches in *Yanero*[14] where we held that the duty to enforce the rule requiring batting helmets was ministerial. Upon the foregoing analysis, we conclude

---

12. *Id.*

13. *Id.* at 522 (citations omitted).

14. *Id.*

that whether Trooper Lathram was negligent in operating his police cruiser, with due regard being given to all the facts and circumstances, is a question for resolution by the trier of fact. As such, summary judgment was inappropriate and this cause is remanded to the trial court for further consistent proceedings.

For the foregoing reasons, the Court of Appeals is reversed and this cause is remanded to the Graves Circuit Court for further consistent proceedings.

COOPER, GRAVES, JOHNSTONE, KELLER, STUMBO, and WINTERSHEIMER, JJ., concur.