**David PRATER and Michelle Prater, Appellants**

v.

**Heather CATT and Ellen Sam, Appellees.**

No. 2013–CA–000324–MR.

Court of Appeals of Kentucky.

Feb. 28, 2014.

Discretionary Review Denied by Supreme Court Oct. 15, 2014.

John R. Shelton, Louisville, KY, for appellants.

Barbara A. Kriz, Christopher S. Turner, for Appellees.

Before CAPERTON, COMBS, and THOMPSON, Judges.

## OPINION

COMBS, Judge:

David Prater and his wife, Michelle Prater, appeal from a summary judgment of the Fayette Circuit Court entered in favor of two members of the Lexington Division of Police: Heather Catt, a mounted patrol officer, and Sgt. Ellen Sam, her supervisor. The Praters contend that the circuit court erred in concluding that Officer Catt and Sgt. Sam were entitled to judgment as matter of law. After our review, we affirm.

This personal injury action was filed on November 15, 2010. In their complaint, the Praters alleged that David had been severely injured by a mounted patrol officer prior to a college football game at Commonwealth Stadium in November 2009. The Praters contended that Sgt. Sam had negligently directed or permitted Officer Catt to position her mount near a crowd with whom David was standing and that Officer Catt had negligently failed to keep the agitated horse under her control. In their answers, each defendant alleged that she was entitled to immunity from suit.

Following a period of discovery, Officer Catt and Sgt. Sam filed a joint motion for summary judgment. Sgt. Sam acknowledged that she was responsible for scheduling the mounted patrol officers for the event at Commonwealth Stadium. However, she contended that she had not trained the officers and that she was not the supervisor directly responsible for their ac-

tivity on the day in question. She provided no directions whatsoever to Officer Catt, and thus she argued that no conduct on her part contributed to David Prater's injuries.

Officer Catt explained that she had been assigned to patrol for criminal activity and for crowd control from her mount at the football game that day. However, as the university's band neared her horse, it spun and reared. Officer Catt indicated that she assumed that a bystander (Prater) had stumbled beneath the horse, and she moved the horse forward to observe him. Officer Catt contended that she was authorized to patrol as she saw fit and that no specific policies governed her actions with respect to her mount under the circumstances. She asserted that she had undertaken her duties in good faith and in accordance with her training. Sgt. Sam and Officer Catt alleged that they were each entitled to judgment as a matter of law.

In their written response to the motion, the Praters contended that neither Sgt. Sam nor Officer Catt was entitled to official immunity. They argued that Sgt. Sam had abdicated her supervisory responsibilities on the day in question and that she failed to make certain that Officer Catt was properly trained for the task to which she had been assigned. They contended that Officer Catt deviated from the standard of care by failing to select a known safe path of travel for her mount and by failing to control the horse once it became agitated. They argued that Sgt. Sam and Officer Catt negligently undertook what amounted to mere ministerial duties and that, therefore, they were not immune from suit.

On February 13, 2013, the Fayette Circuit Court granted summary judgment in favor of Officer Catt and Sgt. Sam. The court determined that Officer Catt had exercised her professional judgment and discretion in carrying out her official duties and that she exercised that discretion in good faith. The court concluded that she was protected as a matter of law from the Praters' allegations of negligence. The court determined that Sgt. Sam had not been under a duty to supervise Officer Catt on that particular day. It further held that even if she had been, her actions would have been governed by her professional judgment and discretion as well. Consequently, the court concluded that both Officer Catt and Sgt. Sam were immune from suit and that they were entitled to judgment as a matter of law. This appeal followed.

The parties agree that whether a defendant is protected by official immunity is a question of law to be reviewed *de novo*. *Rowan County v. Sloas*, 201 S.W.3d 469 (Ky.2006).

 "'Official immunity' is immunity from tort liability afforded to public officers and employees for acts performed in the exercise of their discretionary functions." *Nelson Co. Bd. of Educ. v. Forte*, 337 S.W.3d 617, 621 (Ky.2011). If a public officer or employee "is acting in a discretionary manner, in good faith, and within the scope of his employment," he or she is entitled to the protections of qualified official immunity. *Id.* Discretionary acts involve "personal deliberation, decision, and judgment." *Yanero v. Davis*, 65 S.W.3d 510 (Ky.2001). However, an act is not "discretionary" merely because some judgment is used in deciding on the means or method used. *Autry v. Western Kentucky University*, 219 S.W.3d 713 (Ky.2007). Even if an act is discretionary, there is no immunity if it violates constitutional, statutory, or other clearly established rights— or if it is done willfully or maliciously with intent to harm or if it is committed with a corrupt motive or in bad faith. *Id.*

There is no immunity for the ministerial acts of public officers or employees. Ministerial acts are those that require "only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts." *Yanero*, 65 S.W.3d at 522. The mere presence of necessity for a particular course of action "does not operate to convert the [ministerial] act into one discretionary in its nature." *Upchurch v. Clinton County*, 330 S.W.2d 428, 430 (Ky.1959). The line between discretionary and ministerial acts is a fine one indeed requiring careful scrutiny into each set of circumstances.

Despite these distinctions, the Supreme Court of Kentucky has observed that "few acts are ever purely discretionary or purely ministerial." *Haney v. Monsky*, 311 S.W.3d 235, 240 (Ky.2010). Consequently, "determining the nature of a particular act or function demands a more probing analysis" focusing on "the *dominant* nature of the act" or function at issue. *Id.* (Emphasis original).

The Praters argue that the conduct of Sgt. Catt and Officer Sam was ministerial rather than discretionary. They cite several cases in support of their contention, including the decision of the Supreme Court of Kentucky in *Jones v. Lathram*, 150 S.W.3d 50 (Ky.2004), which they assert is controlling. *Jones* involved a state trooper whose vehicle collided with an oncoming car at a blind intersection while the trooper was responding to an emergency call for assistance from a fellow officer. *Id.* at 51. Tragically, the driver of the civilian car died as a result of the crash. *Id.* The trooper argued that he was entitled to qualified immunity because he had used his professional judgment as a trained police officer to respond in an emergency situation and that his emergency driving constituted a discretionary act. The Supreme Court of Kentucky disagreed and observed as follows:

> After undertaking the act of an emergency automobile response, Trooper Lathram was required to constantly reassess his position on the road and make reactive decisions based on his assessment of roadway danger. While decisions were required in the course of driving, there were no decisions that would appear to be truly discretionary acts. We recognize that Lathram independently assessed the situation and responded in a manner that he determined to be appropriate. However, the act of safely driving a police cruiser, even in an emergency, is not an act that typically requires any deliberation or the exercise of judgment. Rather, driving a police cruiser requires reactive decision based on duty, training, and overall consideration of public safety. In our view, Lathram's duty is comparable to the duty of the coaches in *Yanero* where we held that the duty to enforce the rule requiring batting helmets was ministerial.

The facts before us are materially different from those analyzed in the *Jones* decision. Unlike the trooper's cruiser in *Jones*, Officer Catt's mount was not merely a mechanical means of transportation governed by discrete and absolute rules of the road. Instead, Officer Catt's duties at the stadium required that she utilize a horse—an animal whose responses and behavior could not be wholly predictable. Maintaining a highly visible presence among the game-day participants and controlling the crowds assembled made it essential for Officer Catt to ride her mount in proximity to those present. While many of Officer Catt's actions astride the horse were likely rote and reactive, the actions challenged by the Praters were predominately discretionary in nature.

Choosing a route best suited to accomplishing her assignment and deftly maneuvering her mount among the participants required an independent and fluid deliberation made quickly in response to the crowds as they assembled and dispersed.

Officer Catt was not merely following a set of well-defined rules on the day in question. Instead, she was required to use her judgment and discretion—informed by her training and familiarity with her mount—in an attempt to monitor and control the spontaneous activity of the crowd as well as the behavior of her horse. We agree that Officer Catt was entitled to qualified immunity with respect to the Praters' negligence claims.

Sgt. Sam was not in the vicinity of the accident, nor was she required to be. Her job duties did not include the training of the mounted patrol officers or directing how their tasks were to be performed. Sgt. Sam's only involvement was to schedule mounted patrol officers to work at the stadium. There is no evidence to suggest that any of Sgt. Sam's actions or inactions contributed to the accident. Consequently, she was also entitled to judgment as a matter of law.

The circuit court did not err by concluding that both Officer Catt and Sgt. Sam were engaged in discretionary acts and that they were, therefore, entitled to the protections of qualified official immunity. It did not err by concluding that they were entitled to judgment as a matter of law. The judgment is affirmed.

ALL CONCUR.