**CITY OF BROOKSVILLE and Martin Hause, Appellants**

v.

**Justin WARNER, Appellee**

**NO. 2015-CA-000975-MR**

Court of Appeals of Kentucky.

MARCH 17, 2017; 10:00 A.M.

Discretionary Review Denied by Supreme Court December 7, 2017

BRIEFS FOR APPELLANTS: Jeffrey C. Mando, Jennifer H. Langen, Covington, Kentucky.

BRIEF FOR APPELLEE: Thomas K. Herren, Lexington, Kentucky.

BEFORE: KRAMER, CHIEF JUDGE; CLAYTON AND J. LAMBERT; JUDGES.

## OPINION

LAMBERT, J., JUDGE:

The City of Brooksville and Chief of Police Martin Hause have taken an interlocutory appeal from an order of the Bracken Circuit Court holding that Chief

Hause's allegedly negligent driving during a police pursuit was ministerial in nature and that Chief Hause was therefore not entitled the defense of qualified official immunity. We affirm.

The state version of the lawsuit action began with the filing of a complaint by Justin Warner against the City of Brooksville and City of Brooksville Chief of Police Martin Hause, in his individual capacity, for injuries Warner sustained in a motorcycle accident.[1] Warner explained the circumstances of this accident as follows:

7. On July 9, 2012, at approximately 9:49 p.m. on Frankfort Street in Brooksville, Kentucky, [Warner] was operating a motorcycle.

8. At said time and place, Officer Hause saw another motorcycle driver that he believed to be without a current driver's license. Alternatively, Officer Hause heard noise from the motorcycles that he interpreted as indicating excessive speed. Thereafter, Office Hause engaged in a high speed, unnecessary and excessive pursuit, of the other driver, and while attempting to pursue the other driver, struck the rear of [Warner's] motorcycle, and/or forced him off the roadway and into a rock wall.

The driver of the other motorcycle was Warner's brother, Jeremy.

In his complaint, Warner alleged Chief Hause had been inadequately or erroneously trained, or negligently supervised, in the area of high speed pursuits of minor traffic offenses and that Warner had been injured as a result. He also alleged that the actions of both defendants constituted an improper, illegal, and/or excessive pursuit, depriving him of his 4th and 14th

Amendment rights (the federal claim), and that Officer Hause's actions were negligent, reckless, or wanton, and occurred during the course and scope of his employment as a police officer. As a result, Warner requested both compensatory and punitive damages. In their answer, the defendants alleged that Warner's complaint failed to state a claim upon which relief could be granted, that his claims were barred by the doctrines of claim and/or issue preclusion, that Chief Hause was entitled to qualified official immunity from suit, and that the City of Brooksville was entitled to governmental immunity.

Because extensive discovery had already been completed in the federal action, the defendants moved for summary judgment shortly after the complaint and answer were filed on res judicata and qualified official immunity grounds. The defendants explained the factual background as follows: Deposition testimony established that Warner and his brother saw Chief Hause near a gas station and because they knew Chief Hause knew Jeremy did not have a license, proper registration, or insurance for the motorcycle, they sped away from the area to make it more difficult for Chief Hause to stop them. Until Chief Hause heard and saw them speed away, he had not intended to stop the brothers. At that time, he activated his lights and followed the motorcycles because he believed they were driving recklessly. Warner ultimately lost control of his motorcycle in a curve in the road, hit some mailboxes and a retaining wall, and was thrown over the handlebars and into a yard. Meanwhile, Chief Hause continued his search for the brothers and went to

1. Warner had originally filed his claim in the United States District Court for the Eastern District of Kentucky and alleged both state and federal claims against both defendants. After extensive discovery, the district court entered summary judgment in favor of the defendants on the federal claims and declined to exercise supplemental jurisdiction over the state claims, thus resulting in the filing of the state court action.

their home. While he was on the brothers' property, he received a call from dispatch about a motorcycle accident in the same vicinity. Chief Hause responded to the call and proceeded to the accident site, where he discovered Warner had been involved in the accident. In the police report filed as a result of the accident, Warner apparently told first responders that a car on the other side of the road caused the accident when it came over onto his side of the road. In contrast, Warner claimed in his lawsuits that the side of Chief Hause's cruiser hit an extension on the rear tire of his motorcycle, thereby causing the accident.

In the motion for summary judgment, the defendants argued that they were entitled to summary judgment on Warner's federal claim based upon the doctrine of claim preclusion. As to Warner's state claims, Chief Hause argued that he was entitled to qualified official immunity because he had been performing a discretionary act in deciding to undertake a police pursuit. Because the City of Brooksville could not be held vicariously liable if Chief Hause was not liable, it also sought for summary judgment on the state claim.

In his response, Warner first contended that a factual dispute existed, mandating a denial of the defendants' motion. He argued that Chief Hause's pursuit was unjustified under the Brooksville Police Department's standards and procedures and in violation of national policies because he was not in pursuit of a person who had committed a serious felony. He also argued that Hause's operation of his police cruiser (emergency driving) was a ministerial act, which did not entitle him to any immunity. In their reply, the defendants pointed out that Warner had not disputed their argument that they were entitled to summary judgment on his federal claim. The parties continued to make legal arguments in sur-replies.

The circuit court granted summary judgment on Warner's federal claim based on the doctrine of res judicata, granted summary judgment on the decision to pursue claim based upon a finding of qualified official immunity, and denied summary judgment on the negligent emergency driving claim based upon a finding that Chief Hause's actions were ministerial, which deprived him of an immunity defense. In denying summary judgment, the circuit court explained its ruling as follows:

Safely driving a police vehicle in a pursuit is a ministerial act. [*Mattingly v. Mitchell*, 425 S.W.3d 85, 90 (Ky. App. 2013)] citing *Jones v. Lathram*, 150 S.W.3d 50 (Ky. 2004). In addition to the conclusion drawn by the Court of Appeals, Section 2.10(c) of the Brooksville Procedures provides, in relevant part, that an officer "*shall not* operate a vehicle at a rate of speed that may cause loss of control of the vehicle (emphasis added)." Section 1.11(a) of the Brooksville Procedures also provides that "Officers *shall* operate official vehicles in a careful and prudent manner, and shall obey all laws and departmental orders pertaining to such operation." Although the Court of Appeals has previously held that the safe operation of a police vehicle is a ministerial act, the Brooksville Procedures also provide that the safe driving of a police vehicle is absolute, certain, and imperative. Because the safe driving of a police vehicle is a ministerial act, Hause is not entitled to qualified immunity on Plaintiff's negligent driving claim.

The court permitted the defendants to immediately appeal the portion of the order denying qualified official immunity on the emergency driving claim, and this interlocutory appeal brought pursuant to *Breathitt*

*Cty. Bd. of Educ. v. Prater*, 292 S.W.3d 883, 886–87 (Ky. 2009), now follows.

■ Our standard of review in an appeal from a summary judgment is well-settled in the Commonwealth. "The standard of review on appeal when a trial court grants a motion for summary judgment is 'whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law.'" *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001), *citing Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996); *Palmer v. International Ass'n of Machinists & Aerospace Workers*, 882 S.W.2d 117, 120 (Ky. 1994); CR 56.03. "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo.*" *Lewis*, 56 S.W.3d at 436, *citing Scifres*, 916 S.W.2d at 781; *Estate of Wheeler v. Veal Realtors and Auctioneers, Inc.*, 997 S.W.2d 497, 498 (Ky. App. 1999); *Morton v. Bank of the Bluegrass and Trust Co.*, 18 S.W.3d 353, 358 (Ky. App. 1999). With this standard in mind, we shall review the judgment on appeal.

■ Our Supreme Court's opinion in *Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001), is the seminal case on sovereign immunity in the Commonwealth. On the issue of official immunity, the Court instructs that this "is immunity from tort liability afforded to public officers and employees for acts performed in the exercise of their discretionary functions. It rests not on the status or title of the officer or employee, but on the function performed." *Id.* at 521, *citing Salyer v. Patrick*, 874 F.2d 374 (6th Cir. 1989). The *Yanero* Court explained that official immunity may be either absolute, when an officer or employee of the state or a governmental agency is sued in his representative capacity, or qualified, when the officer or employee is sued in his individual capacity. *Id.* at 521-22. The question of whether a defendant is protected by the doctrine of official qualified immunity is a question of law, which we review *de novo. Rowan County v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006) (citations omitted).

■ Qualified official immunity "affords protection from damages liability for good faith judgment calls made in a legally uncertain environment" and "applies to the negligent performance by a public officer or employee of (1) discretionary acts or functions, *i.e.*, those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment; (2) in good faith; and (3) within the scope of the employee's authority." *Yanero*, 65 S.W.3d at 522 (citations omitted). However, "an officer or employee is afforded no immunity from tort liability for the negligent performance of a ministerial act, *i.e.*, one that requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts." *Id. citing Franklin County v. Malone*, 957 S.W.2d 195, 201 (Ky. 1997). In *Marson v. Thomason*, 438 S.W.3d 292, 302 (Ky. 2014), the Supreme Court of Kentucky stressed that "[t]he nature of the *acts* performed by the teacher, or any governmental employee, determines whether they are discretionary or ministerial[,]" (emphasis in original), and continued:

Immunity is reserved for those governmental acts that are not prescribed, but are done, such as policy-making or operational decisionmaking, without clear directive. The responsibility for such acts rests on the individual who has made a decision to act based on his judgment, without established routine, or someone else in the process to allow

burden-shifting. For this reason, and to ensure that governmental officials will exercise discretion when needed, our law allows qualified immunity from suit on the performance of discretionary acts. This is a policy decision that has long been the law of the Commonwealth.

The defendants (now appellants) argue that whether driving is safe or unsafe during a police pursuit is a judgment call that depends on many factors, including the speed of the vehicles, road conditions, the terrain of the road, the presence of bystanders, to name a few. They cite to *Haney v. Monsky*, 311 S.W.3d 235, 240 (Ky. 2010), for the Supreme Court's definition of discretionary acts:

> Discretionary acts are, generally speaking, "those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment." *Id.* at 522 (*citing* 63C Am. Jur. 2d § 322). It may also be added that discretionary acts or functions are those that necessarily require the exercise of reason in the adaptation of means to an end, and discretion in determining how or whether the act shall be done or the course pursued. Discretion in the manner of the performance of an act arises when the act may be performed in one or two or more ways, either of which would be lawful, and where it is left to the will or judgment of the performer to determine in which way it shall be performed. *Upchurch v. Clinton County*, 330 S.W.2d 428, 430 (Ky. 1959).

The *Haney* Court went on to observe:

> [F]ew acts are ever purely discretionary or purely ministerial. Realizing this, our analysis looks for the *dominant* nature of the act. For this reason, this Court has observed that "an act is not necessarily taken out of the class styled 'ministerial' because the officer performing it is vested with *a discretion respecting the means or method to be employed.*" *Upchurch*, 330 S.W.2d at 430 (emphasis added).

311 S.W.3d 235 at 240 (emphasis in original, footnote omitted). In addition, the appellants cite to *Caneyville Volunteer Fire Dep't v. Green's Motorcycle Salvage, Inc.*, 286 S.W.3d 790, 810 (Ky. 2009), for the proposition "that part and parcel to the scheme of qualified official immunity is the notion that public officials will not be held liable for " 'bad guesses in gray areas.' " *Rowan County v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006)[.]"

Based upon these and other statements of the law, the appellants contend that the circuit court erred in concluding that Chief Hause's obligation to safely drive his police vehicle during the pursuit was ministerial because it involved discretionary decision-making. This type of decision-making a police officer must make is part of the "gray area" discussed in *Caneyville* because it invokes personal deliberations and substantial judgment. They also argue that because Kentucky courts allow immunity for police officers when they make a decision to begin, continue, or terminate a pursuit, to permit emergency driving to be a discretionary action would be a logical extension of the law. To hold otherwise, they claim, would lead to an unintended result; namely, an officer would be immune for his or her decision to begin, continue, or terminate an emergency pursuit, but would not be immune for his driving during the same pursuit.

In contrast, Warner contends that the circuit court properly concluded that Chief Hause's actions in driving were ministerial in nature because his driving required "reactive decisions based on duty, training, and judgment." He relies upon the Supreme Court's holding in *Jones v. Lathram*, 150 S.W.3d 50, 53 (Ky. 2004), which holds that driving a cruiser while respond-

ing to a call for assistance was a ministerial act:

> Trooper Lathram undertook a ministerial act in responding to an emergency call for assistance from a fellow officer. Responding, he assessed the facts based on his training as a police officer and upon other applicable standards. After undertaking the act of an emergency automobile response, Trooper Lathram was required to constantly reassess his position on the road and make reactive decisions based on his assessment of roadway danger. While decisions were required in the course of driving, there were no decisions that would appear to be truly discretionary acts. We recognize that Lathram independently assessed the situation and responded in a manner that he determined to be appropriate. However, the act of safely driving a police cruiser, even in an emergency, is not an act that typically requires any deliberation or the exercise of judgment. Rather, driving a police cruiser requires reactive decisions based on duty, training, and overall consideration of public safety.

In addition to *Jones v. Lathram*, Warner relies upon this Court's holding in *Mattingly v. Mitchell*, 425 S.W.3d 85 (Ky. App. 2013). In *Mattingly*, the Louisville Metro Police Department had determined that Mattingly had violated its Standard Operating Procedures during a pursuit by failing to follow specific policies. The Court noted, however, that "[t]he issue is not how Mattingly operated the police vehicle during the pursuit, but whether he should have initiated the pursuit or terminated the pursuit earlier." *Id.* at 90. Nevertheless, this Court determined that Mattingly's actions were ministerial because he had violated standard operating procedures in initiating and continuing the pursuit. *Id.* at 90-91. Warner also relies upon the federal district court case of *Walker v.*

*Davis*, 643 F.Supp.2d 921, 932-33 (W.D. Ky. 2009), which held that *Jones v. Lathram*, *supra*, controlled as to the state law claims and declined to find the officer was entitled to immunity for his driving while he was en route to an emergency call.

 Having carefully considered the parties' arguments and the applicable case law, we must agree with Warner that Chief Hause was not entitled to the defense of qualified official immunity for his allegedly negligent driving while engaged in his emergency pursuit of the Warner brothers. Section 1.1 of the City of Brooksville General Policies and Procedures requires officers to "operate official vehicles in a careful and prudent manner, and shall obey all laws and all departmental orders pertaining to such operation." Departmental Policy and Procedure 2.10 addresses pursuit and emergency driving, and subsection (d) specifically provides as follows:

> The decision to being, responsibility for continuation, and method of fresh pursuit rests primarily, if not solely, with the individual officer(s) involved. In deciding, the officer(s) is/are faced with a dilemma because, although the law does not prevent using emergency speeds while engaged in pursuit, it does hold the officer(s) criminally and civilly responsible for his/her actions. Therefore, the officer(s) must exercise sound judgment and carefully consider the seriousness of the offense and the possible consequences and safety of the citizens whose protection is the responsibility of the officer(s).

An officer has discretion to decide whether to begin, continue, or end the emergency pursuit, but not for the way he or she operates the police vehicle during the emergency pursuit. Driving is a matter of duty and training, and it is not subject to

deliberation or judgment. Accordingly, we hold that the circuit court did not err as a matter of law in denying the appellants' motion for summary judgment on the issue of whether Chief Hause was entitled to immunity for the negligent driving claim.

Because we have held that the circuit court did not err on the qualified official immunity issue, we need not reach the appellants' second argument concerning whether there is a basis to hold the City of Brooksville liable for the injuries Warner sustained.

For the foregoing reasons, the interlocutory order of the Bracken Circuit Court is affirmed.

CLAYTON, JUDGE, CONCURS.

KRAMER, CHIEF JUDGE, CONCURS AND FILES SEPARATE OPINION.

KRAMER, CHIEF JUDGE, CONCURRING:

I concur with the well-written majority opinion because it properly applies binding precedent and under the facts of this case, that precedent cannot be distinguished. I write separately only to state that it has long puzzled me that under Kentucky law, pursuant to *Jones v. Lathram*, 150 S.W.3d 50 (Ky. 2004), the act of driving—particularly during a police pursuit or emergency—is considered a ministerial act. Yet, a unanimous Kentucky Supreme Court so held over ten years ago; and it remains the law.