RENDERED:  FEBRUARY 5, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1215-MR

ANNE LEONHARDT                                                APPELLANT

v.                 APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE JOHN E. REYNOLDS, JUDGE
ACTION NO. 18-CI-03477

LAURA PREWITT                                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, GOODWINE, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Anne Leonhardt appeals from the Fayette Circuit Court's order dismissing her claims against Laura Prewitt, in her individual capacity as Executive Director of the Kentucky Horse Park.  We affirm.

Leonhardt was attending an event at the Horse Park on July 13, 2018, when she fell in the Park's stadium.  In October 2018, Leonhardt brought her

claim, based on theories of negligence and premises liability, against the Commonwealth of Kentucky (owner of the Horse Park) and Laura Prewitt, as its Executive Director and in her individual capacity.[1]

On November 9, 2018, the Commonwealth was dismissed on grounds of sovereign immunity, and Prewitt was dismissed in her official capacity. Prewitt was dismissed in her individual capacity by order dated May 15, 2019. On July 25, 2019, the circuit court entered its "amended order granting summary judgment [and] dismissal of all claims." Leonhardt appeals, naming Prewitt in her individual capacity as appellee.

Leonhardt argues that the circuit court erroneously dismissed her claim against Prewitt because, as executive director, Prewitt had a ministerial duty to comply with the applicable building code requirements (particularly those mandating safety standards such as handrails, which could have prevented Leonhardt's fall). Therefore, Leonhardt continues, she should have been entitled to pursue her action against Prewitt.

---

[1] Leonhardt's Kentucky Claims Commission action, based on this same incident, against the Kentucky Horse Park, Department of Kentucky Tourism, Arts, & Heritage Cabinet (CC-2019-530) has been held in abeyance pending the outcome of this appeal. Additionally, Leonhardt filed a second action in a different division of Fayette Circuit Court naming Jonathan Lang, Deputy Director of the Horse Park, and Steve Maynard, its Branch Manager for Maintenance (the "unknown defendants" in this action), as defendants in their individual capacities. (Fayette Circuit Court Case No. 19-CI-02450). That complaint was dismissed as barred by the doctrine of *res judicata*. It is being considered by a separate panel of this Court in Appeal No. 2019-CA-1283-MR, also rendered this day.

We begin by enunciating our standard of review: "[W]hether a particular defendant is protected by official immunity is a question of law, *Jefferson County Fiscal Court v. Peerce*, 132 S.W.3d 824, 825 (Ky. 2004), which we review *de novo*. *Estate of Clark ex rel. Mitchell v. Daviess County*, 105 S.W.3d 841, 844 (Ky. App. 2003)." *Rowan County v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006).

We next turn to the analysis employed by the circuit court, which we repeat, in pertinent part:

> 3) For clarification at the request of [Leonhardt], it is noted that nothing in the Kentucky Horse Park's enabling statutes, KRS[2] 148.258 through KRS 148.320, nor its Administrative Regulation 300 KAR 7:010, creates a ministerial duty upon any employee of the Kentucky Horse Park to *administer* the Kentucky Building Code. [Leonhardt's] first theory of liability is that one or more of the directors or managers at the Kentucky Horse Park has a 'ministerial duty' to *comply* with the Kentucky Building Code. While all building owners must *comply* with [the] Kentucky Building Code, the duty to *administer* the Kentucky Building Code falls upon the Kentucky Department of Housing, Buildings and Construction, or as may be delegated to a local government codes enforcement office, pursuant to KRS 198B.050(1). This is reinforced by KRS 56.491(2), which expressly requires large construction projects to be reviewed by the Department of Housing, Buildings and Construction (versus relying solely on local government codes enforcement). The suggestion that program managers at the Kentucky Horse Park who: were hired to run an equine program; who may have no experience

---

2 Kentucky Revised Statutes.

in construction or building codes; and were hired 25 years after the construction of a building, now have their personal assets at risk due to the design and construction of a building 25 years earlier is incongruous with good public policy. Placing such a burden on these and similarly situated employees would have a chilling effect on the Commonwealth's ability to staff offices in the hundreds of buildings owned throughout the state. A program manager who is placed in charge of property makes numerous policy decisions on hiring staff, supervising staff, and implementing safety programs. Those decisions are inherently discretionary, and do not subject him/her to personal liability for those decisions. Yanero v. Davis, 65 S.W.3d 510 (Ky. [2001]); James v. Wilson, 95 S.W.3d 875 (Ky. Ap[p]. 2002); Smith v. McCracken (2016 WL 749904 (unreported), (Ky. Ap[p]. 2016).

4)  [Leonhardt's] second theory concerns compliance with the version of the building code in force when the "covered arena" was constructed in 1991. All property owners must comply with the version of the building code in force when a building is constructed. The duty to comply with a statute does not equate to a duty to administer the statute. If that were the case, then every state employee in the Commonwealth would have a ministerial duty for every statute, since all people must comply with all laws of the Commonwealth. However, only those individuals under a legal obligation to administer a statute can be held to that higher level of personal liability conferred by a ministerial duty. Further, the program managers at the Kentucky Horse Park have only limited influence over the structures occupying the property. All state-owned real property is controlled by the Finance and Administration Cabinet, and each agency becomes a tenant to that Cabinet. KRS Chapter 56. Specifically, KRS 56.463(7), grants control to the Finance and Administration Cabinet over all construction and major maintenance on state property, not the program managers occupying any particular

parcel of state land. And, as noted above, the
Department of Housing, Buildings and Construction
administers the building code. In that regard, the
Commonwealth of Kentucky's property at the Kentucky
Horse Park is like any private land owner which is under
the regulation of the Department of Housing, Buildings
and Construction as to building code compliance.
[Leonhardt] asks in her Motion to Alter Amend or Vacate
that "the court should find a duty on the _firm_ occupying
the Kentucky Horse Park to maintain compliance and
correct violations of the Kentucky Building Code." The
_firm_ occupying the Kentucky Horse Park is the
Commonwealth of Kentucky, and not Executive Director
Laura Prewitt, nor any other employee of the Kentucky
Horse Park. If [Leonhardt] has a negligence claim
against the Commonwealth for the condition of its
premises, her remedy lies with the Kentucky Claims
Commission pursuant to KRS 49.010, *et seq.*

5) The Court therefore FINDS, ORDERS, and
ADJUDGES that there are no employees of the Kentucky
Horse Park with the ministerial duty to administer the
Kentucky Building Code, and DISMISSES this
Complaint against Laura Prewitt in her individual
capacity, and further DISMISSES this Complaint against
any "Unknown Defendant" in his/her individual capacity
employed by the Kentucky Horse Park as identified in
. . . the Complaint, with prejudice.

(Emphases original) (footnote omitted).

Nothing in Leonhardt's argument convinces us that the circuit court

erred in its determination that Prewitt could not be individually liable for

Leonhardt's injuries. Prewitt had not acted in bad faith or exceeded the scope of

her authority. *Sloas*, 201 S.W.3d at 487. *See also City of Brooksville v. Warner*,

533 S.W.3d 688, 693 (Ky. App. 2017). The circuit court properly held that the elements of qualified immunity were satisfied.

Accordingly, the order of the Fayette Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

M. Stanley Goeing
Matthew S. Goeing
Lexington, Kentucky

BRIEF FOR APPELLEE:

Christopher D. Hunt
Frankfort, Kentucky