RENDERED: APRIL 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1766-MR

ERIC JONES; ELIZABETH WILLOUGHBY;
IAN ROBERTS; JEREMY POWER; AND
PAIGE CLARK                                                                 APPELLANTS


|   | APPEAL FROM MONTGOMERY CIRCUIT COURT |
|---|---|
| v. | HONORABLE WILLIAM EVANS LANE, JUDGE |
|   | ACTION NO. 18-CI-90100 |


JENNIFER WRIGHT SMALLWOOD, AS
ADMINISTRATRIX OF THE ESTATE OF
RYAN ALAN SMALLWOOD, DECEASED;
BRIANNA NICOLE SIMPSON, AS THE
PARENT, NATURAL FRIEND, AND
GUARDIAN OF JOHNNY AND JANIE DOE
(MINORS); AND KLOUD JONES                                        APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: The Jailer and Deputy Jailers of Montgomery County

Regional Jail appeal from the Montgomery Circuit Court's order denying their

motion for summary judgment in a wrongful death action brought by the family and heirs of Ryan Smallwood. The jail had filed a cross-claim against Kloud Jones, an inmate at the jail. We affirm.

Ryan Smallwood became an inmate at the jail in April 2017, when he was incarcerated for a burglary conviction. His intake psychiatric evaluation (performed by a healthcare provider at Pathways, Inc., and mandatory under the jail's policies and procedures because Smallwood had a history of suicidal behavior) indicated that Smallwood suffered from schizoaffective disorder (schizophrenia), causing him to hear voices and react violently. Smallwood was thereafter deemed a high-risk inmate. He transferred to the Kentucky State Reformatory/Kentucky Correctional Psychiatric Center, where he remained for about three weeks. Smallwood returned to the Montgomery County Regional Jail on May 19, 2017.

In August of that year, because of behavioral changes and suicidal ideation as well as confrontations with another inmate, Smallwood's prescription was increased. He was placed in an observation cell and safety smock but was released as lower risk within 48 hours. The following month, Smallwood suffered from panic attacks, and his medication was again adjusted. On November 20, 2017, after another confrontation with the same inmate, Smallwood was again placed in an observation cell for three days.

Two days later, inmate Kloud Jones was processed into the jail. Jones was patted down and frisked, given a change of clothing, and placed in the same cell as Smallwood. Unbeknownst to the jail personnel, Jones was in possession of fentanyl which he later passed on to Smallwood. Smallwood ingested the drugs, became unconscious, and was later pronounced dead at St. Joseph Hospital in Mt. Sterling. The cause of death was "acute fentanyl toxicity."

On May 3, 2018, Jones was indicted in federal court for distributing fentanyl and causing Smallwood's death. He later entered a guilty plea and received 300 months' imprisonment.

On May 24, 2018, Smallwood's estate filed a wrongful death action against the Montgomery County Regional Jail, Eric Jones (the Jailer), Lieutenant Elizabeth Willoughby, and Deputies Paige Clark and Jeremy Power. In February 2019, the complaint was amended to include Chief Ian Roberts as a defendant.[1] Meanwhile, the previous month, the defendants filed a third-party complaint against Kloud Jones for indemnity, contribution, and apportionment in relation to Smallwood's death.

The circuit court ordered a discovery deadline of March 1, 2019 and scheduled trial to begin on November 4 of that year. On October 14, 2019, the Jailers moved for summary judgment, arguing that they were entitled to dismissal

---

[1] We refer to these parties collectively as "the Jailers."

under qualified official immunity. The parties briefed the issue, and a hearing was held on October 25, 2019. The circuit court entered its order denying the motion on November 6, 2019, and the Jailers filed an interlocutory appeal two weeks later.

We begin by stating our standard of review of summary judgment denial, especially as it relates to qualified official immunity:

> Our standard of review in an appeal from a summary judgment is well-settled in the Commonwealth. "The standard of review on appeal when a trial court grants a motion for summary judgment is 'whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law.'" *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001), *citing Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996); *Palmer v. International Ass'n of Machinists & Aerospace Workers*, 882 S.W.2d 117, 120 (Ky. 1994); CR 56.03. "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis*, 56 S.W.3d at 436, *citing Scifres*, 916 S.W.2d at 781; *Estate of Wheeler v. Veal Realtors and Auctioneers, Inc.*, 997 S.W.2d 497, 498 (Ky. App. 1999); *Morton v. Bank of the Bluegrass and Trust Co.*, 18 S.W.3d 353, 358 (Ky. App. 1999). With this standard in mind, we shall review the judgment on appeal.

> Our Supreme Court's opinion in *Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001), is the seminal case on sovereign immunity in the Commonwealth. On the issue of official immunity, the Court instructs that this "is immunity from tort liability afforded to public officers and employees for acts performed in the exercise of their discretionary functions. It rests not on the status or title of the officer or employee, but on the function

performed." *Id.* at 521, *citing Salyer v. Patrick*, 874 F.2d 374 (6th Cir. 1989). The *Yanero* Court explained that official immunity may be either absolute, when an officer or employee of the state or a governmental agency is sued in his representative capacity, or qualified, when the officer or employee is sued in his individual capacity. *Id.* at 521-22. The question of whether a defendant is protected by the doctrine of official qualified immunity is a question of law, which we review *de novo*. *Rowan County v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006) (citations omitted).

Qualified official immunity "affords protection from damages liability for good faith judgment calls made in a legally uncertain environment" and "applies to the negligent performance by a public officer or employee of (1) discretionary acts or functions, *i.e.*, those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment; (2) in good faith; and (3) within the scope of the employee's authority." *Yanero*, 65 S.W.3d at 522 (citations omitted). However, "an officer or employee is afforded no immunity from tort liability for the negligent performance of a ministerial act, *i.e.*, one that requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts." *Id. citing Franklin County v. Malone*, 957 S.W.2d 195, 201 (Ky. 1997). In *Marson v. Thomason*, 438 S.W.3d 292, 302 (Ky. 2014), the Supreme Court of Kentucky stressed that "[t]he nature of the acts performed by the teacher, or any governmental employee, determines whether they are discretionary or ministerial[,]" (emphasis in original), and continued:

> Immunity is reserved for those governmental acts that are not prescribed, but are done, such as policy-making or operational decisionmaking, without clear directive. The responsibility for such acts

rests on the individual who has made a decision to act based on his judgment, without established routine, or someone else in the process to allow burden-shifting. For this reason, and to ensure that governmental officials will exercise discretion when needed, our law allows qualified immunity from suit on the performance of discretionary acts. This is a policy decision that has long been the law of the Commonwealth.

*City of Brooksville v. Warner*, 533 S.W.3d 688, 692-93 (Ky. App. 2017).

"'[O]nce the material facts are resolved, whether a particular defendant is protected by [qualified] official immunity is a question of law[.]' **The converse is also true, if material factual issues remain, it cannot be determined whether a particular defendant is protected by qualified official immunity at the summary judgment stage**." *Harrod v. Caney*, 547 S.W.3d 536, 542 (Ky. App. 2018) (emphasis added) (citation omitted).

Here, the circuit court, in its order denying the motion for summary judgment, merely stated, "The Defendants/Third-Party Plaintiffs' Motion for Summary Judgment is denied as genuine issues of fact remain[,] and the Court with the information at hand does not find that they are entitled [to judgment] as a matter of law at this time."

Booking, classifying, and housing an inmate is a matter of duty and training, and it is not subject to deliberation or judgment but rather to following

-6-

mandatory procedures. *Warner*, 533 S.W.3d at 694-95. Even though discovery had closed, whether some or all the appellants followed those mandatory procedures involves material factual determinations, making granting the motion for summary judgment premature at the pretrial level. *Harrod*, 547 S.W.3d at 544.

Accordingly, we hold that the circuit court did not err as a matter of law in denying the appellants' motion for summary judgment on the issue of whether they were entitled to immunity for the allegedly negligent actions which led to Smallwood's death.

The interlocutory order of the Montgomery Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

D. Barry Stilz
Lynn Sowards Zellen
Lexington, Kentucky

BRIEF FOR APPELLEES:

Elliott C. Miller
Thomas W. Miller
Elizabeth C. Woodford
Lexington, Kentucky