RENDERED:  MARCH 17, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1374-MR

JOHN SHOLAR AND
TAYLOR BANKS                                                    APPELLANTS


                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE OLU A. STEVENS, JUDGE
                    ACTION NO. 18-CI-001518


KAYLA TURNER                                                      APPELLEE


OPINION AND ORDER REVERSING
AND REMANDING

** ** ** ** **

BEFORE:  EASTON, JONES, AND LAMBERT, JUDGES.

EASTON, JUDGE:  The Appellants are Louisville Metro Police Department

Officers Taylor Banks and John Sholar.  We will refer to them jointly as

"Officers."  The Officers appeal the Jefferson Circuit Court's denial of their

motion for summary judgment on the grounds of qualified official immunity.

Having determined the actions of the Officers at issue were discretionary, we

reverse and remand to the Jefferson Circuit Court to enter an order dismissing the complaint.

## FACTUAL AND PROCEDURAL HISTORY

On August 18, 2017, at approximately 9:28 p.m., the Officers were dispatched to a motor vehicle accident which had just occurred in the eastbound lanes of I-64 in downtown Louisville. The Officers responded in separate marked police cruisers. Because of their location at the time of the call, the Officers decided the quickest way to get to the accident scene was to drive their cruisers onto westbound I-64 via 9th Street. Otherwise, the Officers would have been required to drive a substantial distance (22nd Street vs. 9th Street) to enter eastbound I-64.

Both eastbound and westbound I-64 have a narrow strip of pavement next to a concrete barrier (sometimes called a Jersey barrier or wall) separating the opposing travel lanes. This is not an emergency lane. It is only wide enough for a person to walk on it to avoid the travel lanes. A vehicle could not be pulled onto this lane without leaving most of the vehicle in the leftmost "passing" lane.

The Officers parked their police cruisers as close to the barrier as possible on westbound I-64 just across from the accident which had occurred in the eastbound lanes. It was dark, and the Officers activated their emergency lights on the cruisers. The Officers then jumped over the concrete barrier separating the

-2-

westbound and eastbound lanes of I-64 to respond to the accident. Within a few minutes (at approximately 9:31 p.m.) the Officers arrived at the scene.

Five minutes later (at approximately 9:36 p.m.), the Appellee, Kayla Turner ("Turner"), rear-ended the back of one of the Officer's cruisers, pushing it into the other. Turner claims she did not see the emergency lights of the two police cruisers. Turner claims personal injuries because of the collision.

Turner filed this action in the Jefferson Circuit Court alleging in her complaint the Officers "willfully or negligently operated their vehicles in a manner that caused a collision between their vehicles and the vehicle being operated by Plaintiff," and "Defendants had a duty not to park their vehicles at that location and knew or should have known that doing so would create a hazardous and dangerous condition to users of the expressway, including Plaintiff."

The complaint was initially filed against the Louisville-Jefferson County Metro Government ("Metro") and the Officers in both their individual and official capacities. Metro filed a motion to dismiss on the grounds of sovereign immunity. This motion was granted, and the complaint against Metro was dismissed with prejudice.

The Officers filed a motion to dismiss the complaint against them in their official capacities based on sovereign immunity. The circuit court dismissed the claims against the Officers in their official capacities. Turner did not appeal

either of these sovereign immunity determinations. *See Louisville/Jefferson Cnty. Metro Government v. Cowan*, 508 S.W.3d 107 (Ky. App. 2016) (the Commonwealth, including its counties, and its agents acting in their official capacities have sovereign immunity).

The Officers filed an answer in their individual capacities. The Officers filed a motion for summary judgment arguing they individually were entitled to qualified official immunity. Both parties filed responses and replies, and the circuit court heard oral arguments. The circuit court entered an opinion and order denying the Officers' motion for summary judgment on November 8, 2021, indicating some of the Officers' actions were ministerial, and some discretionary. Specifically, the decision to approach the accident scene from the westbound lanes was discretionary, but the parking of the cruisers was ministerial. The Officers filed a timely appeal of this decision.

**STANDARD OF REVIEW**

The issue of whether a defendant is entitled to the defense of official immunity is a question of law. *Rowan Cnty. v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006) (citing *Jefferson Cnty. Fiscal Court v. Peerce*, 132 S.W.3d 824, 825 (Ky. 2004)). Questions of law are reviewed *de novo*. *Cumberland Valley Contractors, Inc. v. Bell Cnty. Coal Corp.*, 238 S.W.3d 644, 647 (Ky. 2007). "[A]n order denying a substantial claim of absolute immunity is immediately appealable even

in the absence of a final judgment." *Breathitt Cnty. Bd. of Educ. v. Prater*, 292 S.W.3d 883, 887 (Ky. 2009). In the context of summary judgment, we still must determine if any genuine issue of fact prevents the immunity determination, but summary judgment is particularly applicable to immunity decisions where the facts of what occurred are not always debatable, and the question is a legal question of whether the undisputed action taken was discretionary. *Sloas*, 201 S.W.3d at 474.

## ANALYSIS

The Officers argue the circuit court erred when denying their claim of qualified official immunity because it deemed their actions of parking the cruisers as ministerial, rather than discretionary. Turner asserts the Officers' actions were ministerial, rather than discretionary, and they are thus not eligible for the defense of qualified official immunity. Turner alleges the Officers were negligent in parking their police cruisers in the far-left lane of westbound I-64 when responding to an accident and their negligence caused her injuries.

Turner claims the Officers' actions were in violation of KRS[1] 189.450 (prohibiting the leaving of vehicles on roadway or shoulders). The Officers counter they have an exemption from such traffic violations provided by KRS 189.940. Whether argued as negligence *per se* for violation of a statute or general negligence for failure to exercise ordinary care, the existence of a negligence claim

---

[1] Kentucky Revised Statutes.

is not the issue on this appeal. We would not be able to determine the negligence claim here on summary judgment. We need not decide this issue.[2] The issue is whether qualified official immunity applies to bar a negligence claim if one could be established.

"[P]ublic officers and employees are entitled to 'qualified official immunity' for negligent conduct when the negligent act or omissions were (1) discretionary acts or functions, that (2) were made in good faith (i.e. were not made in 'bad faith'), and (3) were within the scope of the employee's authority." *Sloas*, 201 S.W.3d at 475 (citing *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001)). "In Kentucky, personal liability for a public officer's or public employee's negligent performance of duties depends in part on whether the powers or duties in question were ministerial or discretionary in nature." *Ashby v. City of Louisville*, 841 S.W.2d 184, 188 (Ky. App. 1992).

"Discretionary acts or functions are 'those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment . . . .'" *Sloas*, 201 S.W.3d at 477 (quoting *Yanero*, 65 S.W.3d at 522).

> Discretionary . . . duties are such as necessarily require
> the exercise of reason in the adaptation of means to an
> end, and discretion in determining how or whether the act

---

[2] We also need not comment at length on the argument that a "special relationship" is required for a police officer to have a duty to an individual. The special relationship qualification generally does not apply to claims based upon an officer's operation or use of a motor vehicle. *See Pile*, *infra*.

shall be done or the course pursued. Discretion in the manner of the performance of an act arises when the act may be performed in one or two or more ways, either of which would be lawful, and where it is left to the will or judgment of the performer to determine in which way it shall be performed.

*Upchurch v. Clinton Cnty.*, 330 S.W.2d 428, 430 (Ky. 1959) (citation omitted).

By contrast, a ministerial act is "one that requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts." *Yanero*, 65 S.W.3d at 522.

The line between discretionary and ministerial acts can be a very fine one. Few actions are purely discretionary or ministerial in nature, and therefore we must look at "the *dominant* nature of the act." *Haney v. Monsky*, 311 S.W.3d 235, 240 (Ky. 2010). The Kentucky Supreme Court has attempted to draw the fine line between ministerial and discretionary acts in the context of police officers operating vehicles.

In *Jones v. Lathram*, 150 S.W.3d 50 (Ky. 2004), our Supreme Court held the act of driving a police cruiser is a ministerial act, not a discretionary one that necessitates deliberation or exercise of judgment, but that it instead requires routine decisions based on duty, training, and consideration of public safety. *Id.* at 53. This Court has affirmed the act of driving a police cruiser is ministerial in

nature, not discretionary.  *Pile v. City of Brandenburg*, 215 S.W.3d 36, 40 (Ky. 2006); *City of Brooksville v. Warner*, 533 S.W.3d 688 (Ky. App. 2017).

In *Warner*, Chief Judge Kramer was "puzzled" by the established rule of operating a vehicle as ministerial, even in an emergency.  533 S.W.3d at 695 (Kramer, C.J., concurring).  This issue puzzled many attorneys and judges.  Then in *Meinhart v. Louisville Metro Government*, 627 S.W.3d 824 (Ky. 2021), a unanimous Kentucky Supreme Court reminded the bench and bar that few actions are all one or all the other in terms of discretionary or ministerial decisions.  Under *Haney*, the line is crossed when the discretionary aspects predominate over ministerial aspects.

While general operation of a vehicle is ministerial, *Meinhart* makes it clear decisions in emergencies, such as high-speed pursuits, cross the line into discretion.  The present case then presents a new question about the line drawn between *Jones* and *Meinhart*.  Where on the line is placement of a vehicle with respect to investigating an accident scene?

The Officers argue they were not driving or operating their vehicles, which would be ministerial.  Instead, they used their discretion to determine the best and quickest route to arrive at a motor vehicle accident and then where to park their cruisers to get to the scene as soon as possible and to warn motorists of the hazard.  True enough, the *Jones* line of cases usually deals with collisions caused

-8-

by police officers while driving a vehicle.  But it may be too easy an answer to distinguish these cases solely on the fact of active operation of the vehicle.  The actual act of parking a vehicle requires little discretion.  It is just the final act of operating the vehicle.

We must evaluate why the Officers parked the vehicles as they did.  The Officers received a report the ongoing situation was serious with a 911 caller reporting "blood was everywhere."  The caller said this twice.  Another caller indicated other vehicles may have been involved.  The dispatcher advised of a "possible rescue."

Turner discounts this by noting other reports suggested the accident was not serious.  Turner offers an expert opinion to the effect the Officers weren't needed at the scene because they were not the first to arrive.  Of course, the Officers could not assess the scene until they got there.  Problematic for the expert's opinion is the fact the expert did not consider the CAD (computer-aided dispatch) report of what the Officers would have had available to them as they approached and then assessed the scene.  Ultimately, while we may consider expert opinions regarding negligence, we may not surrender our responsibility by accepting an expert opinion to the extent it is offered on the question of discretion for qualified immunity.

The CAD is unclear and inconsistent. For example, the printed report of the police dispatches documents "minor injuries." Another report notes injuries as "potentially dangerous." Also listed as "uncertain" was whether the accident victim was able to breathe. A report lists as "uncertain" if anyone was trapped. Hazards at the scene were stated to be "unk" for unknown.

The decision about exercise of discretion requires consideration of what the Officers knew at the time, not what hindsight would show. *Meinhart*, 627 S.W.3d at 835. The apparent fact the accident to which the Officers responded thankfully did not lead to serious injuries does not change the nature of any discretion exercised at the time of the reports. For example, the Officers could not know the report of blood was oil on the highway because of the impact until they saw it for themselves. The Officers could not be sure of the seriousness of the situation and the need for their help until they got there.

When they got there, the Officers moved their vehicle to be as close to the concrete barrier as they could. They turned their emergency lights on, which would have been visible as vehicles approached them. Turner says she did not see them. But this does not alter the fact they were on. In the context of summary judgment, we are not required to ignore indisputable video evidence (here four separate videos) of such a fact. *See Degolia v. Kenton Cnty.*, 381 F. Supp. 3d 740, 759 (E.D. Ky. 2019).

The Officers had two options: to drive farther down to another exit, turn around and respond on eastbound I-64 where the accident was located, or respond immediately by parking on westbound I-64. Both options were valid options, and there was no legal or procedural restriction on either choice. The Officers explained the exercise of their discretion. They drove to the location as they did and parked as they parked to get to the scene promptly to be able to render aid as needed and address traffic flow to avoid further collisions to the extent possible.[3]

In determining the Officers' actions were discretionary, we have a prior decision of this Court which, although not published, provides specific guidance, because the facts have substantial similarity. *Estate of Brown ex rel. Brown v. Preston*, No. 2009-CA-002362-MR, 2010 WL 5018558 (Ky. App. Dec. 10, 2010).[4] In *Preston*, an officer responded to a single vehicle accident scene. The officer parked his vehicle on the shoulder of the road behind an ambulance which had parked behind the vehicle involved in the accident. The officer had his emergency lights activated. Within minutes another vehicle came upon the scene

---

[3] Sholar Deposition at pgs. 11-13, 29-30.

[4] Kentucky Rule of Appellate Procedure 41 permits citation to unpublished decisions, although it is to be avoided.

striking and killing two people.  We held the actions taken to secure the accident scene, which included the location of the cruiser, were discretionary.

For the Officers to be entitled to qualified official immunity, they must also meet the remaining two prongs of *Yanero*.  Summary judgment is proper only if there is no evidence the Officers' actions were not made in bad faith and were within the scope of their authority.  The Court in *Yanero* states "in the context of qualified official immunity, 'bad faith' can be predicated on a violation of a constitutional, statutory, or other clearly established right which a person in the public employee's position presumptively would have known was afforded to a person in the plaintiff's position, *i.e.*, objective unreasonableness; or if the officer or employee willfully or maliciously intended to harm the plaintiff or acted with a corrupt motive."  65 S.W.3d at 523.

It is Turner's burden to show that the Officers were acting in bad faith.  *Sloas*, 201 S.W.3d at 475.  This contention must first have been made to the circuit court and further preserved for this appeal.  While not specifically stated, Turner's counsel did contend the Officer's actions were so dangerous that bad faith could be inferred.  Regardless, the record does not show any evidence of bad faith as defined.  The "good faith" requirement of *Yanero* is met in these circumstances. It is also clear the Officers were acting within the scope of their authority.  They

were uniformed officers, on duty, in marked patrol cruisers, responding to a report of a motor vehicle accident.

**CONCLUSION**

The Jefferson Circuit Court erred by concluding the Officers were engaged in ministerial rather than discretionary acts and therefore, we REVERSE the opinion and order denying summary judgment and REMAND to the Jefferson Circuit Court to enter an order dismissing the complaint with prejudice.


ALL CONCUR.

BRIEFS AND ORAL ARGUMENT
FOR APPELLANTS:

Gregory Scott Gowen
Andrew Miller
Louisville, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEE:

Aubrey Williams
Louisville, Kentucky